## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TANNER JORDAN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-1247-D |
| | ) | |
| THE STATE OF TEXAS; and | ) | |
| HAVEN BRIANN ISOM, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

On December 2, 2024, Petitioner Tanner Jordan Smith filed a *pro se* "Petition for Relief Under the Indian Child Welfare Act" [Doc. No. 1] (hereinafter referred to as the "Complaint") and a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion") [Doc. No. 2].[1] Upon referral from the undersigned, United States Magistrate Judge Amanda Maxfield Green granted Petitioner's IFP Motion. *See* 12/9/2024 Order [Doc. No. 7].

Generally, Petitioner alleges violations of the Indian Child Welfare Act ("ICWA") stemming from proceedings in the 481st District Court in Denton County, Texas. Based on Petitioner's allegations, it appears that the Denton County case involved determining the parent-child relationship between Petitioner, the minor child's mother (Respondent Haven Briann Isom), and the minor child (E.I.). Here, Petitioner asserts a claim under ICWA, as well as numerous Constitutional claims. Petitioner asks the Court to declare invalid the

---

[1] Petitioner's as-filed Complaint and accompanying Exhibit 1, as well as the IFP Motion, included personally identifiable information—specifically, the full name of a minor child, E.I. Accordingly, the Court directed the Clerk of Court to redact all instances of E.I.'s full name and replace the name with initials, which the Clerk did.

Denton County court's judgment regarding Petitioner's parental rights, order the State of Texas to comply with ICWA, and enjoin the State of Texas from imposing conditions that Petitioner deems illusory and unreasonable.

Although less than clear, Petitioner appears to assert federal question jurisdiction based on his ICWA claim, though jurisdiction could also be based on his Constitutional claims. Compl. at 2. Because ICWA does not contain a venue provision, venue is determined under the general venue statute, 28 U.S.C. § 1391, which provides:

> (b) A civil action may be brought in—
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>>
>> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Petitioner alleges that "[v]enue is proper in the Western District of Oklahoma under 28 U.S.C. § 1391(b), as the Plaintiff resides in this district, and the Chickasaw Nation has a compelling interest in the outcome of this matter." Compl. at 2.

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes . . . when it is in the interests of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006); *Faulkenburg v. Weir*, 350 F. App'x 208, 209 (10th Cir. 2009) (noting that *Trujillo* confirmed a district court's authority to cure venue defects by transferring a case under 28 U.S.C. § 1406(a)). After careful review, the Court

concludes that, based on the allegations included in the Complaint, the Western District of Oklahoma is not the proper venue for this case. Specifically, none of § 1391(b)'s subsections apply.

First, § 1391(b)(1) doesn't apply because none of the Defendants are residents of Oklahoma. Second, § 1391(b)(2) doesn't apply because, based on the facts alleged in the Complaint, the events or omissions giving rise to Petitioner's claims occurred in Denton County, Texas, and there is no allegation that Oklahoma is home to any property possibly involved in this case. Third, § 1391(b)(3) doesn't apply because, as explained in further detail below, there is a district where this case could have been brought, and neither Defendant appears subject to the Court's personal jurisdiction with respect to this case.[2]

Because the Western District of Oklahoma is not the proper venue for this case, the question becomes whether the case should be dismissed or transferred to another district. When, as here, venue is improper, the Court must apply § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." Although § 1406(a) uses the word "shall," the Court has "discretion to determine whether the action should be dismissed

---

[2] The Court makes two additional observations. First, Petitioner alleges that he resides in the Western District of Oklahoma. However, the address provided by Petitioner is in Madill, Oklahoma. Madill is in Marshall County, which is in the Eastern District of Oklahoma. *See* 28 U.S.C. § 116 (listing counties of the Eastern District of Oklahoma). Second, Petitioner alleges that "the Chickasaw Nation has a compelling interest in the outcome of this matter." The Chickasaw Nation is not a party to this case, so the fact that it may have a "compelling interest" in its outcome is irrelevant for purposes of analyzing venue. In any event, the Chickasaw Nation is headquartered in Ada, Oklahoma, which is in Pontotoc County and likewise in the Eastern District of Oklahoma. *Id.*; https://www.chickasaw.net/Our-Nation/Locations/Chickasaw-Nation-Headquarters.

or transferred in the interests of justice." *CMI Roadbuilding, Inc. v. Wiregrass Constr. Co., Inc.*, No. CIV-20-832-D, 2021 WL 2188807, at *5 (W.D. Okla. May 28, 2021) (citing *Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007)). "[F]actors warranting transfer rather than dismissal . . . include finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good faith rather than filed after 'plaintiff either realized or should have realized that the forum in which he or she filed was improper.'" *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 106–07 (10th Cir. 2012) (quoting *Trujillo*, 465 F.3d at 1223 n.16).

In considering the relevant factors, the Court narrowly concludes that transfer, as opposed to dismissal, is appropriate. First, based on the face of the Complaint, it does not appear Petitioner's claims would be time-barred if he refiled the case, but it is less than clear. Second, Petitioner's claims in this case appear suspect, but the Court—based on the limited information available to it—is not convinced they are wholly meritless (though the transferee court could ultimately conclude they are). Third, it does not appear that Petitioner filed this case in the Western District of Oklahoma based on any sort of bad faith. Instead, it appears to the Court that Petitioner—who is representing himself—lacks an understanding of the federal venue statutes and applicable caselaw.

The Court must last determine where to transfer this case. Because a substantial part of the events or omissions giving rise to Petitioner's claims are alleged to have occurred in Denton County, Texas, an appropriate venue for this case is the United States District Court for the Eastern District of Texas. *See* 28 U.S.C. § 1391(b)(3); *see also* 28 U.S.C. § 124(c)(3) (providing that Denton County is located in the Sherman Division of the Eastern District

4

of Texas). In the interests of justice, the Court concludes that this case should be transferred accordingly. *See* 28 U.S.C. § 1406(a).

 **IT IS THEREFORE ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Eastern District of Texas for all further proceedings. The Court Clerk shall mail a copy of this Order to Petitioner and take all other actions necessary to effectuate the transfer of this case.

 **IT IS SO ORDERED** this 12th day of December, 2024.

               _____
               TIMOTHY D. DeGIUSTI
               Chief United States District Judge